CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED
MAY 2 3 2006
JOHN F. CORCORAN, CLERK
BY: HMcDonald
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| SHERMAN O. DAVIS, | ) | |
| Petitioner, | ) | Civil Action No. 7:06CV00157 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| GENE M. JOHNSON, | ) | By: Hon. Jackson L. Kiser |
| Respondent. | ) | United States District Judge |

The petitioner, Sherman O. Davis, a Virginia inmate proceeding pro se, filed this action as a petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2254. The petitioner challenges the validity of his conviction in the Circuit Court for the County of Augusta. The petition is presently before the court on the respondent's motion to dismiss. For the reasons set forth below, the court will grant the respondent's motion.

## BACKGROUND

Following a bench trial on August 28, 2002, the petitioner was convicted of conspiring to deliver marijuana to an inmate, in violation of Virginia Code § 18.2-474.1. The petitioner was subsequently sentenced to a five-year term of imprisonment, with three years and six months suspended.

The petitioner appealed his conviction to the Court of Appeals of Virginia. The petitioner alleged that the trial court improperly denied his right to a jury trial. Although the Court of Appeals granted the appeal, the petitioner's conviction was affirmed on December 2, 2003. The petitioner then filed a petition for appeal in the Supreme Court of Virginia. On August 11, 2004, the petition for appeal was refused.

The petitioner subsequently filed a petition for writ of habeas corpus in the Circuit Court for the County of Augusta, which included the same claims that are raised in the instant petition.

On October 15, 2005, the petition was dismissed. The petitioner appealed the dismissal of the petition to the Supreme Court of Virginia. On March 10, 2006, the petition for appeal was refused.

The petitioner executed the instant petition on March 13, 2006. The petition includes the following claims:

A. His trial attorney was ineffective for failing to prepare a viable defense to the conspiracy charge.

B. His trial attorney was ineffective for "fail[ing] to adequately litigate his 5th Amendment violation claim," which resulted "in the petitioner being convicted by the introduction of a 'fabricated confession' the petitioner 'did not' make."

C. His trial attorney was ineffective for waiving his right to a jury trial.

D. His trial attorney was ineffective for failing to "protect the counsel-client confidentiality clause" during scheduled phone calls and face-to-face interviews before and on the day of trial.

E. His trial attorney was ineffective for failing to advise him of the statutory and constitutional violations arising from the denial of his right to a jury trial.

F. His trial attorney was ineffective for failing to provide certain discovery material.

G. He was denied the right to represent himself at trial.

H. The trial court abused its discretion in denying him the right to a fair and impartial trial.

I. The cumulative effect of his trial attorney's handling of the case was prejudicial.

J. His trial attorney was ineffective for failing to obtain and provide copies of statements made by alleged co-conspirators.

2

On April 20, 2006, the respondent moved to dismiss the petition. That same day, the court issued a Roseboro notice advising the petitioner to submit any additional arguments or evidence in response to the respondent's motion within twenty days. Since the twenty-day period has now expired, the petition is ripe for review.

## STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 2254(b), a petitioner challenging a state court conviction must first exhaust remedies available in the courts of the state in which he was convicted before seeking federal habeas review. See Preiser v. Rodriguez, 411 U.S. 475 (1973). When a claim has been adjudicated on the merits by a state court, this court may grant habeas relief only if the state court's adjudication of the claims "was contrary to, or involved an unreasonable application of, clearly established [f]ederal law," or "was based on an unreasonable determination of the facts." 28 U.S.C. § 2254(d). The United States Supreme Court has explained that this statute "plainly sought to ensure a level of 'deference to the determinations of state courts,' provided those determinations did not conflict with federal law or apply federal law in an unreasonable way." Williams v. Taylor, 529 U.S. 362, 386 (2000) (internal citations omitted). Consequently, "state-court judgments must be upheld unless, after the closest examination of the state-court judgment, a federal court is firmly convinced that a federal constitutional right has been violated." Id. at 389.

## DISCUSSION

A. <u>Procedurally Defaulted Claims</u>

The state habeas court concluded that claims G and H were procedurally barred pursuant to Slayton v. Parrigan, 215 Va. 27, 205 S.E.2d 680 (1974), because the petitioner failed to raise the claims at trial or on direct appeal. The United States Court of Appeals for the Fourth Circuit

3

has repeatedly held that the rule set forth in Slayton constitutes an adequate and independent state ground for the denial of habeas relief. See Fitzgerald v. Greene, 150 F.3d 357, 366 (4th Cir. 1998); Fisher v. Angelone, 163 F.3d 835, 853 (4th Cir. 1998); Wright v. Angelone, 151 F.3d 151, 159-60 (4th Cir. 1998). Therefore, claims G and H may not be reviewed by this court "absent cause and prejudice or a miscarriage of justice to excuse the procedural default." Fisher, 163 F.3d at 853-854. Because the petitioner has not made either showing, claims G and H must be dismissed.

    B.    Exhausted Claims

        1.    Claim A

In Claim A, the petitioner alleges that his trial attorney was ineffective for failing to prepare a viable defense to the conspiracy charge. The petitioner contends that although he forwarded relevant case law to his attorney, the attorney failed to research the case law or present it during trial. A criminal defendant's right to effective assistance of counsel is protected by the Sixth Amendment to the United States Constitution. In Strickland v. Washington, 466 U.S. 668, 669 (1984), the United States Supreme Court set forth a two-prong test for evaluating ineffective assistance claims. The defendant must show that his counsel's performance fell "below an objective standard of reasonableness," and that the "deficient performance" must have "prejudiced the defense." Id. at 687-688. The prejudice prong "generally requires the defendant to demonstrate by a reasonable probability that, but for counsel's error, the result of the proceeding would have been different." Frazer v. South Carolina, 430 F.3d 696, 703 (4th Cir. 2005).

The petitioner raised the same claim in his state habeas petition. The state habeas court concluded that the petitioner failed to meet either prong of the Strickland test. Having reviewed

the record, I agree with the respondent that the state habeas court's decision did not involve an unreasonable application of clearly established federal law or an unreasonable determination of the facts. The petitioner's trial attorney stated in his affidavit that he spent a great deal of time investigating the petitioner's case and acquainting himself with the appropriate case law to defend the petitioner. The attorney explained that while he reviewed the case law that the petitioner brought to his attention, he disagreed with the petitioner as to how the case law affected the petitioner's case. (Resp. Exh. 1 to State Court Mot. to Dismiss). The attorney's decision to forego presenting the case law to the trial court is entitled to deference. See Strickland, 466 U.S. at 689-690 (noting that counsel is entitled to "wide latitude" in "making tactical decisions," and that "strategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengable."). Moreover, the petitioner has failed to demonstrate that there is a reasonable probability that, but for the attorney's failure to rely on the case law cited by the petitioner, the result of the criminal proceedings would have been different. Accordingly, claim A must be dismissed.

    2.    Claim B

In claim B, the petitioner alleges that his trial attorney was ineffective for "fail[ing] to adequately litigate his 5th Amendment violation claim," which resulted "in the petitioner being convicted by the introduction of a 'fabricated confession' the petitioner 'did not' make." The petitioner raised this claim as part of the state habeas proceedings. The state habeas court concluded that the petitioner failed to meet either prong of the Strickland test. Having reviewed the record, I agree with the respondent that the state habeas court's decision did not involve an unreasonable application of clearly established federal law or an unreasonable determination of the facts.

5

The record reveals that on August 1, 2002, the petitioner's attorney filed a motion to suppress a statement that the petitioner allegedly made to a prison investigator on March 19, 2002. The trial court heard the motion during trial. At that time, the petitioner was extensively questioned regarding whether or not he provided the statement at issue. (Trial Tr. at 63-66). The petitioner testified that he made no statements other than a written statement provided on March 11, 2002, and that any other statements were "wholly fabricated." (Trial Tr. at 68). Despite the petitioner's testimony regarding the validity of the statement purportedly taken on March 19, 2002, the trial court overruled the motion to suppress. (Trial Tr. at 69). While the petitioner may be unhappy with the trial court's ruling on this motion, he has failed to show that his attorney's performance was constitutionally deficient, or that it prejudiced his defense. Accordingly, claim B must be dismissed.

 3. Claim C

In claim C, the petitioner alleges that his trial attorney was ineffective for waiving the right to a jury trial without his consent. The petitioner raised this claim in his state habeas petition. The state habeas court concluded that the petitioner failed to meet either prong of the Strickland test.

The petitioner's trial attorney stated in his affidavit that the petitioner instructed him to schedule the case for a bench trial, and that he did not know that the petitioner had changed his mind until the petitioner was arraigned prior to trial. (Resp. Exh. 1 to State Court Mot. to Dismiss). During his arraignment, the petitioner advised the trial court that he requested a trial by jury. (Trial Tr. at 5). However, the trial court ultimately determined that the petitioner had knowingly and voluntarily waived his right to a jury trial. (Tr. at 7). The trial court's decision was upheld on direct appeal. Because the petitioner has failed to show that the state habeas

6

court's decision involved an unreasonable application of clearly established federal law or an unreasonable determination of the facts, claim C must be dismissed.

   4.   Claim D

In claim D, the petitioner alleges that his trial attorney was ineffective for failing to "protect the counsel-client confidentiality clause" during scheduled phone calls and face-to-face interviews before and on the day of trial. Specifically, the petitioner emphasizes that his initial meeting with his trial attorney was held near the control booth at the prison, rather than a more private area, and that he was forced to have a telephone conversation with his trial attorney from the prison, even though he was being watched by a correctional officer. The petitioner also notes that on the day of trial, he had to confer with his trial attorney in the presence of correctional officers, and that he later learned that one of the officers was related to a witness for the Commonwealth.

The petitioner raised the same claim as part of the state habeas proceedings. The state habeas court concluded that the petitioner's allegations were insufficient to satisfy the Strickland test. Having reviewed the record, I agree with the respondent that this conclusion did not involve an unreasonable application of clearly established federal law or an unreasonable determination of the facts. First, the petitioner has failed to show that his trial attorney's performance was constitutionally deficient. The petitioner's attorney explained in his affidavit that he had little to no control over the circumstances under which he could meet or speak with the petitioner at the prison, and that if he had reason to believe that correctional officers were compromising their discussions, he would have requested a different setting. The petitioner's attorney also explained that he had no control over which correctional officers escorted the petitioner to court, and that he had no knowledge of any connection between the correctional

7

officers and the petitioner's case. (Resp. Exh. 1 to State Court Mot. to Dismiss). Moreover, the petitioner has failed to demonstrate that there is a reasonable probability that the result of his criminal proceedings would have been different, if correctional officers had not been present during his conversations with his attorney. For these reasons, claim D must be dismissed.

5. Claim E

In claim E, the petitioner alleges that his trial attorney was ineffective for failing to advise him of the statutory and constitutional violations arising from the denial of his right to a jury trial, and for trying to persuade him not to file a motion to set aside the verdict. The petitioner raised the same claim as part of the state <u>habeas</u> proceedings. The state <u>habeas</u> court ultimately concluded that the petitioner's allegations failed to satisfy the <u>Strickland</u> test.

Having reviewed the record, the court agrees with the respondent that the state <u>habeas</u> court's decision did not involve an unreasonable application of clearly established federal law or an unreasonable determination of the facts. The petitioner's trial attorney filed a motion to set aside the verdict, at the petitioner's request, which was heard prior to sentencing on December 12, 2002. The petitioner's attorney argued that the trial record did not support a finding that the petitioner knowingly and voluntarily waived his right to a jury trial, and that the trial court erred in denying his request for a jury trial. (Sent. Tr. at 4-6). Upon hearing the attorneys' arguments, the trial court determined that the petitioner had waived the right to a jury trial, and therefore, denied the motion. (Sent. Tr. at 9). While the petitioner may be unhappy with the trial court's decision, he has failed to show that his attorney's performance was constitutionally deficient, or that it prejudiced his defense. Accordingly, claim E must be dismissed.

8

### 6. Claims F and J

In claim F, the petitioner alleges that his trial attorney was ineffective for failing to provide copies of certain discovery material. In claim J, the petitioner alleges that his trial attorney was ineffective for failing to obtain and provide copies of statements made by the petitioner's alleged co-conspirators. The petitioner raised the same claims as part of the state habeas proceedings. The state habeas court concluded that the petitioner's allegations failed to satisfy the Strickland test.

Having reviewed the record, the court agrees with the respondent that this conclusion did not involve an unreasonable application of clearly established federal law or an unreasonable determination of the facts. First, the petitioner has failed to show that his attorney's performance fell below an objective standard of reasonableness. The petitioner's attorney stated in his affidavit that he provided the petitioner copies of the petitioner's statements to investigators. The attorney explained that pursuant to the Commonwealth's "open file" policy, he was able to examine statements made by the petitioner's alleged co-conspirators and other witnesses for the Commonwealth, but he was unable to make copies of the statements for the petitioner. (Resp. Exh. 1 to State Court Mot. to Dismiss). Additionally, the petitioner has failed to demonstrate that there is a reasonable probability that the result of his criminal proceedings would have been different, had he obtained copies of the requested discovery material. Accordingly, claims F and J must be dismissed.

### 7. Claim I

In claim I, the petitioner alleges that the cumulative effect of his trial attorney's handling of the case was prejudicial. The petitioner then reiterates each of the complaints that were alleged as part of his individual ineffective assistance claims. Because claims of ineffective

9

assistance must be reviewed individually, rather than cumulatively, claim I must be dismissed. Fisher v. Angelone, 163 F.3d 835, 852 (4th Cir. 1998). See also Wainwright v. Lockhart, 80 F.3d 1226, 1233 (8th Cir. 1996) ("Neither cumulative effect of trial errors nor cumulative effect of attorney errors are grounds for habeas relief.").

## CONCLUSION

For the reasons stated, the court will grant the respondent's motion to dismiss. The Clerk is directed to send certified copies of this opinion and the accompanying order to the petitioner and all counsel of record.

ENTER: This 23rd day of May, 2006.

*[signature]*
Senior United States District Judge